UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN LAMAR PONDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00537 |
| | § | |
| PAUL GERARD WERSANT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending in the above-referenced cause are the following motions: Plaintiff Brian Ponder's ("Ponder") Motions for Default Judgment against James E. Albertelli, P.A. d/b/a Albertelli Law ("Albertelli Law") and Coury Matthews Jacocks ("Jacocks"), Docs. 10, 12; Plaintiff's Motion to Disqualify Defendant Paul Gerard Wersant ("Wersant"), Doc. 16; Defendants' Motion to Strike/Vacate Entries of Default, Strike/Deny Motions for Default, and for Dismissal of Plaintiff's case ("Motion to Strike and Dismiss"), Doc. 15; and Defendants' Motion for Sanctions and to Strike Ponder's Motion to Disqualify Wersant ("Motion for Sanctions and to Strike"), Doc. 22. Having considered the Motions, Responses, Replies, record, and relevant law, the Court denies Plaintiff's Motion for Default Judgment and Motion to Disqualify, grants Defendants' Motion to Vacate and Motion to Dismiss in part, and denies Defendant's Motion for Sanctions and to Strike.

**I. Background**

This case has its genesis in a related case that was recently before another judge within this district: *Clark v. Albertelli*, No. 4:17-cv-00273 (S.D. Tex. 2017). In that case, Jacocks filed a Motion to Dismiss or Transfer on behalf of his client Albertelli Law on February 6, 2017, in

1 / 14

which he alleged that Ponder "is not licensed to practice law in Georgia," engaged in the "unauthorized practice of law in Georgia," and "was disciplined and/or ordered to pay costs in two cases that he litigated in the Northern District of Georgia." No. 4:17-cv-00273, ECF No. 5 at 2, 11.

On the basis of these statements, Ponder instituted a defamation suit grounded in diversity jurisdiction against Defendants in this Court on February 17, 2017. Doc. 1. When filing his case, however, he made no mention of the *Clark* case as required by Local Rule 5.2.

Summons in this case was issued on February 21, 2017, and according to executed returns, Albertelli Law and Jacocks were allegedly served with process on March 15, 2017. Docs. 4, 5. Neither party responded, however, and exactly 22 days later, on April 6, 2017, Ponder filed his Requests for Entry of Default against both Albertelli Law and Jacocks. Docs. 6, 7. The Clerk of Court subsequently entered default on April 10, 2017. Docs. 8, 9. On April 12, 2017, Ponder then moved for default judgment against both Defendants, requesting "the sum of $75,001.00, plus costs of $400.00 and interest according to the law from the date of this judgment until the entire amount is paid." Docs. 10-1 at 1, 12-1 ¶ 7.

The same day, Wersant filed Defendants' Motion to Strike and Dismiss, Doc. 15, and Ponder responded with his Motion to Disqualify Wersant, Doc. 16. The next day, April 13, 2017, Judge Hoyt granted Defendants' Motion to Dismiss or Transfer in the related *Clark* case, transferring that case to the Northern District of Georgia. Case No. 4:17-cv-00273. ECF No. 41. In his order granting the motion, Judge Hoyt sanctioned Ponder because "his suit is wholly frivolous and withholds facts critical and necessary to the determination of venue and jurisdiction." *Id.* at 1–2.

Nearly three weeks later, on May 4, 2017, Ponder then filed his First Amended

Complaint ("FAC") in this case, wherein he reasserted his defamation claim (Count I) and added claims for trespass to land (Count II), conversion (Count III), and a violation of 15 U.S.C. 1681q of the Fair Credit Reporting Act (Count IV). Doc. 19. Defendants responded with their Motion for Sanctions and to Strike Ponder's Motion to Disqualify Wersant. Doc. 22. The pending Motions are now ripe for adjudication.

## II. Defendants' Motion to Strike and Dismiss

In their Motion to Strike and Dismiss, Defendants' request for relief is three-fold. First, Defendants ask the Court to vacate the clerk's entry of default because service on Albertelli Law and Jacocks was improper. Doc. 15 at 7–8. Second, Defendants urge the Court to dismiss this case because Ponder's defamation claim is barred by the Texas litigation privilege. *Id.* at 8–14. Third, Defendants argue that they are entitled to costs, expenses, and fees incurred in responding to this case. *Id.* at 14–16. Ponder responds that Defendants' Motion is moot in light of his FAC. Doc. 21.

### A. Motion to Strike the Entries of Default

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or a final default judgment for "good cause." *Formal Specialists Ltd. v. Wilbert Lyons Inc.*, 98 Fed. App'x 284, 286 (5th Cir. 2004) (per curiam) (unpublished) (citation omitted). Courts consider three factors in determining whether to set aside a default judgment: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 544–45 (5th Cir. 2014) (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir.1985)). In this case, all three factors weigh in favor of Defendants.

To begin, there is no indication that Defendants failure was willful, and in fact, Defendants' active participation in the related *Clark* case indicates their willingness to engage in a vigorous defense against Ponder. Moreover, Defendants' non-responsiveness could not have been willful because service appears to have been improper. Indeed, the returns of service for Jacocks and Albertelli Law do not identify the mailing address at which they were allegedly served. Nor is there is anything of record establishing that the individuals listed on the returns were authorized to accept service of process on behalf of Defendants. Accordingly, it does not appear that process has been properly served pursuant to Fed. R. Civ. P. 4(e). Thus, entry of default judgment was not appropriate and Defendants have a meritorious defense. *Price v. King*, No. 209CV20-KS-MTP, 2009 WL 2368283, at *1 (S.D. Miss. July 30, 2009) (citing Fed. R. Civ. P. 55; *Arceneaux v. Davisdon,* 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004)).

Finally, Ponder does not allege any prejudice in setting the default aside. "To maintain a default judgment, the plaintiff must show that setting it aside will result in 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Fjeld v. JPMorgan Chase Bank, N.A.*, No. H-13-1746, 2016 WL 6885579, at *2 (S.D. Tex. Apr. 14, 2016) (quoting *Sontay v. Hin's Garden*, No. H:13cv–3721, 2014 WL 6722507, at *5 (S.D. Tex. Nov. 26, 2014) (internal quotation marks omitted)). Ponder makes none of these showings.

Even had service been proper, set aside would be warranted in this case. "Fifth Circuit jurisprudence holds that an amended complaint supersedes the original complaint in its entirety." *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 283 (W.D. Tex. 2014) (collecting cases). Accordingly, "district courts routinely set aside entries of defaults when plaintiffs file amended complaints." *Id. See also, e.g., Rossignol v. Tillman*, No, 10-3044, 2011 WL 1193017, at *2 (E.D. La. Mar. 25, 2011) (setting aside entry of default because plaintiff filed amended

complaint); *Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 08–1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (same); *United States ex rel. SimplexGrinnel, L.P. v. Aegis Ins. Co.*, No. 08–1728, 2009 WL 577286, at *1–2 (M.D. Pa. Mar. 5, 2009) (same). Here, the defaults were entered on account of Albertelli Law and Jacocks's failure to respond to Ponder's Original Complaint; however, that Complaint has since been superseded by Ponder's FAC. *See* Doc. 19. For this reason as well as those already mentioned, the Court grants Defendants' Motion to Strike the Entries of Default.

### B. Motion to Dismiss Ponder's Complaint

Although "it is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint, a motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint, should not be denied as moot." *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). In such a situation, the court should instead apply the motion to dismiss to the amended complaint. *Id.* (citing *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996); *Sunset Fin. Resources, Inc. v. Redevelopment Grp. V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006)).

Here, the deficiency that Defendants complain of in their Motion to Strike and Dismiss is neither cured nor affected by the FAC. Upon comparison of the Original Complaint and the FAC, the Court notes that the FAC tracks the language of the Original Complaint verbatim except for the addition of three new claims and relief related to those claims. Accordingly, Defendants' Motion to Dismiss is not moot as to the retained claim. *See Mora*, 2007 WL 120006, at *2 (concluding that motion to strike was not mooted because the claims in the amended complaint were materially identical to those in the original complaint).

With regard to the defamation claim that is the subject of Defendants' Motion to Dismiss, this Court has recognized that:

> Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.

*Ed & F Man Biofuels Ltd. v. MV FASE*, 728 F. Supp. 2d 862, 868 (S.D. Tex. 2010) (quoting *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942); *Jenevein v. Friedman*, 114 S.W.3d 743, 745 (Tex. App.—Dallas 2003)). Known as the Texas litigation privilege, it "extends to any statement made by the judge, jurors, counsel, parties or witnesses and attaches to all aspects of the proceedings, including statements made in open court, pretrial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Jenevein*, 114 S.W.3d at 745 (quoting *James v. Brown*, 637 S.W.2d 914, 917–18 (Tex. 1982)) (internal quotation marks omitted). The privilege is one of public policy "founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual." *Reagan*, 166 S.W.2d at 913.

In this case, the allegedly defamatory statements on which Ponder bases his claim were made in motion papers filed in the *Clark* case and in private correspondence between the attorneys in that case (i.e., Jacocks, Wersant, and Ponder). These statements are, therefore, squarely covered by the litigation privilege under Texas law and cannot form the basis of a claim for defamation. *See, e.g.*, *Intel Corp. v. Intel-Logistics, Inc.*, No. H-05-2255, 2006 WL 1517510, at *2 (S.D. Tex. May 30, 2006) ("[S]tatements in the complaint and subpoenas are covered by the litigation privilege under Texas law."); *Sacks v. Zimmerman*, 401 S.W.3d 336, 342 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (statements made by attorneys in motions and

motion hearings covered by Texas litigation privilege); *Russell v. Clark*, 620 S.W.2d 865, 868 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.) (letter sent by the defendant's attorney to the plaintiff's investors covered by Texas litigation privilege). Accordingly, Ponder's defamation claim is dismissed with prejudice.

## C. Motion for Sanctions

While a court may award sanctions under both Rule 11 and § 1927, the two authorities are not interchangeable. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In contrast, Rule 11 allows the court to sanction parties who file pleadings (1) "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," (2) without reasonable inquiry into the merits of legal contentions, or (3) that misrepresent the evidentiary support for factual contentions. Fed. R. Civ. P. 11(b).

Importantly, a Rule 11 motion for sanctions, "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Rule 11 also mandates that the motion for sanctions may not be filed with the court unless it is first served on the allegedly offending party and 21 days have passed without the challenged pleading or motion being withdrawn. *Id.* If the offending motion is withdrawn within that so-called safe harbor period, then no Rule 11 motion may be filed with the district court and the matter is moot. *Malbrough v. Kilpatrick & Stocktown*, LLC, No. 99-1683, 1999 WL 643663, at *2 (E.D. La. Aug. 23, 1999) (citing Fed. R. Civ. P. 11(c)(1)(A)). In contrast, "[n]o such notice/safe harbor is required under § 1927." *Id.*

This difference between Rule 11 and 1927 is key to their proper use. If § 1927 and Rule

11 sanctioned the same sort of conduct, a party could circumvent the safe harbor requirements of Rule 11 simply by seeking sanctions under 28 U.S.C. § 1927. *Id.* Because such a rule would undermine the safe harbor provision of Rule 11, Rule 11 and § 1927 have been interpreted to apply to different kinds of conduct. *Wesolek v. Layton*, No. H-12-3210, 2014 WL 1030176, at *6 (S.D. Tex. Mar. 14, 2014) (citing *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990) ("Section 1927 and Rule 11 are addressed to different conduct: the statute to prolonging litigation, and Rule 11 to particular filings.")).

Here, both parties somehow construe Defendants' first Motion to Strike and Dismiss, wherein Defendants request sanctions, as a Rule 11 motion. *See* Doc. 18 ¶¶ 6–8 (referring to Defendants' Motion as a "Rule 11 Motion" in correspondence with one another). However, Defendants filed their first Motion for Sanctions under 28 U.S.C. § 1927 rather than Rule 11 of the Federal Rules of Civil Procedure. *See* Doc. 15 at 14 ("Defendants are entitled to their Costs, Expenses, and Fees under 28 U.S.C. § 1927 regarding this frivolous case."). Although Defendants cite a case that deals with Rule 11 sanctions in support of their argument, Defendants do not purport to have complied with the notice procedures of Rule 11. Nor does Defendants' Motion reference Rule 11. Moreover, Defendants' request is not a separate motion, but is contained within their Motion to Strike or Dismiss wherein Defendants request relief on a number of issues. Accordingly, the Court analyzes Defendants' request under 28 U.S.C. § 1927 rather than Rule 11.

"The decision to award attorney's fees under 28 U.S.C. § 1927 is committed to the Court's discretion." *Thompson v. S & S Recovery, Inc.*, No. 1:12CV77-LG-JMR, 2013 WL 5278022, at *4 (S.D. Miss. Sept. 18, 2013) (citing *Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 990 (5th Cir. 1987)). However, because there is no safe harbor provision, "[t]he standard for

awarding sanctions under § 1927 is higher than that applicable to Federal Rule of Civil Procedure 11." *Wesolek*, 2014 WL 1030176, at *6 (citing *Bryant v. Military Dept. of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). Accordingly, sanctions under the statute must be predicated on actions that are both "unreasonable" and "vexatious." *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414, 1416–17 (5th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)); *Wesolek*, 2014 WL 1030176, at *7 (citing *Procter & Gamble v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002)).

To find that an attorney's conduct is "unreasonable" and "vexatious," there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted); *Rodriguez v. Ic Sys.*, No. EP-16-CV-00186-DCG, 2017 WL 2105679, at *4 (W.D. Tex. May 12, 2017) (citing *Travelers Ins. Co.*, 38 F.3d at 1416–17). The Fifth Circuit has repeatedly made it clear that § 1927 "is to be strictly construed, and sanctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991)). Thus, "[p]unishment under this statute is sparingly applied." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)).

Defendants argue that Ponder violated 28 U.S.C. § 1927 "by improperly multiplying the Clark Case with this frivolous case." Doc. 15 at 15. Specifically, Defendants contend that "[t]here was no objectively reasonable basis for Plaintiff to ignore established law in vexatiously filing this suit based upon the Motion to Dismiss in the Clark Case." *Id.* Defendants also point out that they provided Ponder with legal authority on the litigation privilege over a month before they filed their Motion to Dismiss, but Ponder ignored it. *Id.* Additionally, the Court notes that

Ponder was sanctioned in the *Clark* case because the court found that his "suit [wa]s wholly frivolous and withh[eld] facts critical and necessary to the determination of venue and jurisdiction." *Clark v. Albertelli*, No. 4:17-cv-273, ECF 41 at 1–2.

The Court is mindful that "[u]nderlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous . . . arguments waste scare judicial resources and increase legal fees charged to parties." *Baulch,* 70 F.3d at 817. Nevertheless, the Court concludes that Ponder should not be sanctioned at this juncture. It is a close call, but in light of a number of Fifth Circuit cases indicating that only those fees and costs associated with the *persistent* prosecution of a meritless claim may be awarded under § 1927, the Court denies Defendants' request. *See, e.g.*, *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (citation omitted); *Pease v. Pakhoed Corp.*, 980 F.2d 995, 1001 (5th Cir. 1993) (citation omitted); *Browning*, 931 F.2d at 345 (citation omitted). *See also Ridder v. City of Springfield*, 109 F.3d 288, 298–99 (6th Cir. 1997) (affirming assessment of § 1927 sanctions against counsel because "he persisted in pressing the allegations for over five years, despite unearthing no evidentiary support for the claims even after full discovery."); *Malbrough*, 1999 WL 643663, at *2 (collecting cases).

It is true that Ponder refused to withdraw his complaint after being apprised of the Texas litigation privilege. And he has reasserted the same baseless claim in his FAC, but this Court cannot say that the record indicates that Ponder has so multiplied the proceedings that the Court may conclude his conduct was "vexatious" to the point that it violates 18 U.S.C. § 1927. Indeed, Ponder has received only one unheeded warning from opposing counsel of the futility of his claim. Nor, at the time he filed this case, was Ponder aware that he had been sanctioned by Judge Hoyt for the "frivolous" *Clark* case on which he bases his defamation claim.

Before leaving the subject of sanctions, it is worth mentioning that in addition to the

procedural mechanisms provided by Rule 11 and 1927, "[t]he Court is vested with the inherent power to sanction parties and their attorneys for conduct that abuses the judicial process." *Thompson*, 2013 WL 5278022, at *5 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46, 111 S. Ct. 2123 (1991)). Federal courts may use this inherent power to sanction a party and award reasonable attorney's fees to the prevailing party when the losing party has acted in bad faith in actions that led to the lawsuit or in the conduct of the litigation. *Thomas*, 836 F.2d at 875 (citing *Hall v. Cole*, 412 U.S. 1, 15, 93 S. Ct. 1943, 1951, 36 L. Ed.2d 702 (1973); *Batson v. Neal Spelce Assocs., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986)). However, "the threshold for the use of inherent power sanctions is high." *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998) (quoting *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995)) (internal quotation marks omitted). "The inherent power 'is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function.'" *Id.* (quoting *Chambers*, 501 U.S. at 42).

As set forth above, the Court has determined not to award sanctions under 28 U.S.C. § 1927. Therefore, the Court also declines to exercise its inherent power to award sanctions in this case. While the Court declines to sanction Ponder at this time, he would be well advised to take heed of the wise words of one of our sister district courts: "[C]ounsel should realize that [his] credibility as an advocate is [his] most important resource, with [his] clients, opposing counsel and the judges [he] encounters. Squandering that resource is costly." *Malbrough*, 1999 WL 643663, at *2. Should Ponder proceed with litigating this case simply as a way to harass Defendants and it becomes clear to the Court that this case is indeed frivolous in its entirety, this Court will have no choice but to sanction his conduct.

### III. Motion to Disqualify

In his Motion to Disqualify, Ponder moves the Court to disqualify Wersant pursuant to Texas Disciplinary Rule of Professional Conduct 3.08, which prohibits an attorney from acting as both an advocate and a witness in an adjudicatory proceeding. According to Ponder, Wersant is a necessary witness in this proceeding because he is the author and publisher of the defamatory statements at issue. Doc. 16-2 ¶ 7. Furthermore, Wersant represents Albertelli in the *Clark* case. *Id.* ¶ 9. As a result, Ponder urges that he would be prejudiced by Wersant's presence as advocate in this matter. *Id.* ¶ 10.

Ponder rests his entire argument on the impropriety of Wersant's participation in this case on the fact that Wersant was the publisher of the defamatory statements at issue. However, because the Court dismisses Ponder's defamation claim with prejudice, Ponder's Motion is moot as to the original claim. To the extent his Motion could be deemed to apply to the FAC, it is denied because Ponder has asserted no basis for barring Wersant from representing Albertelli on the additional claims.

### IV. Motion for Sanctions & to Strike Motion to Disqualify

In their Motion for Sanctions and to Strike, Defendants ask this Court to strike or deny Ponder's Motion to Disqualify and grant sanctions against him because Ponder's Motion to Disqualify is frivolous and objectionable. Doc. 22 at 7. Defendants invoke Local Rule 11.4 and this Court's procedures in support of their Motion. *Id.* Ponder does not respond to Defendants Motion.

Local Rule 11.4 states that "[a] paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court." Section IX of this Court's procedures is entitled "Sanctions" and states that "[i]t is expected that counsel

comply with this Procedures Manual, the Local Rules for the Southern District of Texas, and the Federal Rules of Civil Procedure. The Court will not be sympathetic toward those who seek to practice in this Court without regard to their obligations."

For the reasons already discussed in the context of Defendants Motion to Strike and Dismiss, even though Ponder's behavior has at times been questionable, it has not yet crossed the line to unacceptable, and the Court declines to sanction Ponder at this time. Nevertheless, this Court expects strict compliance with all Federal and Local Rules, this Court's procedures, counsel's duty of candor to the Court, and all other ethical and professional obligations. "Such compliance includes, but certainly is not limited to, communication and professionalism amongst counsel, the parties' and counsel's on-going evaluations of the merit of the positions taken by them in this litigation, and good faith efforts to bring this litigation to a prompt resolution." *Bernadas v. Am. Empire Surplus Lines Ins. Co.*, No. 07-2966, 2008 WL 425557, at *2 (E.D. La. Feb. 12, 2008). The Court strongly cautions Ponder that "it is extremely sensitive to conduct that results in unnecessary and inappropriate consumption of the limited resources of the parties and/or the Court." *Id.* Should it become necessary, the Court will not hesitate to exercise its inherent power to impose sanctions against him.

V. **Conclusion**

For the foregoing reasons it is hereby

**ORDERED** that Ponder's Motions for Default Judgment, Docs. 10, 12, and Motion to Disqualify Wersant, Doc. 16, are **DENIED**. It is further

**ORDERED** that Defendants' Motion to Strike and Dismiss, Doc. 15 is **GRANTED IN PART**. Specifically, Ponder's defamation claim is **DISMISSED WITH PREJUDICE** and the entries of default, Docs. 8, 9, are **VACATED**. Finally, it is

**ORDERED** that Defendants' Motion to for Sanctions and to Strike, Doc. 15, is **DENIED**.

SIGNED at Houston, Texas, this 5th day of September, 2017.

                                          MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE