UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN LAMAR PONDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00537 |
| | § | |
| PAUL GERARD WERSANT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending in the above-referenced cause is Plaintiff Brian Ponder's ("Ponder") Motion for Default against Defendants James E. Albertelli, P.A. d/b/a Albertelli Law ("James Albertelli"), Coury Matthews Jacocks ("Jacocks"), Paul Gerard Wersant, Albertelli & Whitworth, P.A. d/b/a Albertelli Law, Jamed Edward Albertelli d/b/a/ Albertelli Law and Albertelli & Whitworth, P.A., George David Whitworth d/b/a Albertelli Law and Albertelli & Withworth, P.A. (collectively, "Remaining Defendants"), Doc. 28 ("Motion"), and Notice of the same Motion, Doc. 30. Having considered the Motion, record, and relevant law, the Court denies Plaintiff's Motion for Default.

This history of this case is detailed in a prior opinion and order dated September 5, 2017, and incorporated herein. Doc. 27. Also, on October 18, 2017, Defendants, excepting Wersant who no longer works at Albertelli Law, have filed a Motion to Dismiss Ponder's Amended Complaint. Doc. 31.

Ponder "respectfully requests the clerk to enter default against all defendants on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure." Doc. 28. More specifically, he alleges Defendants "failed to plead" more than "fourteen (14) days" after the "Court denied

Defendants' motion to dismiss" as required by Federal Rule of Civil Procedure 12(a)(4)(A). Doc. 28-1 at 2. In support of his request, he attaches a copy of the Summons and Complaint allegedly served on James Albertelli and Jacocks. Docs. 28-1, 28-2, 28-3. And he asserts that the Remaining Defendants appeared on April 12, 2017 by filing a motion to dismiss. Docs. 15, 28-1 at 2.

## I. Legal Standard

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). If the opposing party then fails to plead or otherwise defend as required by law, the serving party is entitled to entry of a default by the clerk of the court. Fed. R. Civ. P. 55(a). Without proper service, there is no personal jurisdiction over the Defendant and, thus, any default or default judgment that is entered is "void." *See, e.g., Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) ("When a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside under Rule 60(b)(4)."); *Paselk v. Bayview Loan Servicing LLC*, No. 6:16CV77-MHS-JDL, 2016 WL 7799629, at *2 (E.D. Tex. July 21, 2016) (holding that the plaintiff did not meet their burden to prove that service was proper and so did not warrant clerk's entry of default or default judgment when service consisted of "mailing the complaint to [the defendant's prior, but not present attorney] and to a business address for [the defendant] in Florida.").

Even when the prerequisites of default are met, the Fifth Circuit still favors resolving cases on their merits. *In re Chinese–Mfr'd Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). A court counterbalances this policy with "considerations of social goals, justice and

expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.1999)) (alterations and internal quotation marks omitted). But defaults "are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Id.* (quotations omitted).

Also, our sister courts have held late filings of either answers, 12(b) motions, or leave for an extension to file answers or 12(b) motions could preclude default, if filed even a few months late. *See, e.g., Neutron Depot, LLC v. Bankrate, Inc.*, 2:14-CV-192, 2016 WL 213029, at *1–2 (S.D. Tex. Jan. 19, 2016) (setting aside entry of default when the defendant filed an answer approximately forty-nine days late and during the infancy of the case); *Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583, 584 (S.D.N.Y. 1971) (setting aside entry of default when the defendants mailed their motion for extension of time to file two weeks late); *Mitchell v. Eaves*, 24 F.R.D. 434, 435 (E.D. Tenn. 1959) (setting aside entry of default when the defendants waited approximately three months beyond the time to file request entry of default be set aside). Our sister courts have set aside default because they favor disposition on the merits. *Neutron Depot, LLC*, 2016 WL 213029, at *1–2; *Mitchell v. Eaves*, 24 F.R.D. at 435; *see Broder v. Charles Pfizer & Co.*, 54 F.R.D. at 584. This Court also favors disposition on the merits.

## II. Discussion

This Court takes first the issue of default as to James Albertelli and Jacocks, against whom Ponder alleges he served directly, and then default against the Remaining Defendants who Ponder alleges appeared by filing a motion to dismiss.

Ponder alleges he served the Summons and Complaint on James Albertelli and Jacocks by certified mail. Docs. 28-1, 28-2, 28-3. But the Court previously held that this certified mail service "appears to have been improper," as the Court explained below:

> Indeed, the returns of service for Jacocks and Albertelli Law do not identify the mailing address at which they were allegedly served. Nor is there is anything of record establishing that the individuals listed on the returns were authorized to accept service of process on behalf of Defendants. Accordingly, it does not appear that process has been properly served pursuant to Fed. R. Civ. P. 4(e). Thus, entry of default judgment was not appropriate and Defendants have a meritorious defense. *Price v. King*, No. 209CV20-KS-MTP, 2009 WL 2368283, at *1 (S.D. Miss. July 30, 2009) (citing Fed. R. Civ. P. 55; *Arceneaux v. Davisdon,* 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004)).

Doc. 27 at 4. Ponder provides the same certified mail service for James Albertelli, Doc. 10-3, and Jacocks, Doc. 12-2, expecting a different result. Docs. 28-1, 28-2, 28-3. Ponder also provides no new authority. Doc. 28. Because improper service deprives the Court, including its clerk, of jurisdiction to enter default, the Court cannot permit a Clerk's default upon James Albertelli and Jacocks. Doc. 27 at 3–5; s*ee* Paselk, 2016 WL 7799629, at *2. Thus, the Court denies default as to James Albertelli and Jacocks.

Next, Ponder requests the clerk to enter default against the Remaining Defendants, Doc. 28, and asserts that the Remaining Defendants appeared on April 12, 2017 by filing a motion to dismiss, but did not plead or defend more than fourteen days after the Court denied the Defendant's motion to dismiss as required by Federal Rule of Civil Procedure 12(a)(4)(A). Docs. 15, 28-1 at 2. So, under Federal Rule of Civil Procedure Rule 55(a), Ponder concludes the Court should grant default judgment against the Remaining Defendants. Doc. 28

But the Fifth Circuit disfavors defaults when, as here, the plaintiff does not allege more than violation of a procedural time requirement. *Lacy*, 227 F.3d at 292. The Fifth Circuit favors disposition on the merits. *In re Chinese–Mfr'd Drywall Prods. Liab. Litig.*, 742 F.3d at 594.

While the Court will weigh the expediency of resolving cases against the Fifth Circuit's preference for merit-based dispositions, the weight of this scale is tipped towards disposition on the merits. See *Lacy*, 227 F.3d at 292. And late filings may be excused so that the Court can reach disposition on the merits. *Neutron Depot, LLC*, 2016 WL 213029, at *1–2.

Here, the Remaining Defendants waived the defense of service of process when they did not raise that defense in the original motion to dismiss. Doc. 15; Fed. R. Civ. P. 12(h). Because they did not challenge service of process, the Remaining Defendants next response was due fourteen days from the Court's order issued on September 5, 2017. Doc. 27; Fed. R. Civ. P. 12(a)(4)(A). Instead of filing fourteen days later, the Remaining Defendants filed another Motion to Dismiss Ponder's Amended Counterclaim on October 18, 2017, forty-three days later. Doc. 31. But forty-three days is not so distant that the Court is cannot reach the case on the merits and preclude default. *Neutron Depot, LLC*, 2016 WL 213029, at *1–2. And Ponder provides no indication that precluding default would prejudice him. Thus, the Court denies default as to the Remaining Defendants, save Paul Gerard Wersant, who is not listed as a mover in the second motion to dismiss. Yet, because the second motion to dismiss is potentially dispositive as to all of Ponder's claims, Paul Gerard Wersant is provided fourteen days from the date of this order to file a responsive document.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Ponder's motion for default is **DENIED.** Doc. 28.

**IT IS FURTHER ORDERED** that Paul Gerard Wersant is provided fourteen days from the date of this order to file a responsive document as provided by Federal Rule of Civil Procedure 12(a)(4)(A).

SIGNED at Houston, Texas, this 29th day of November, 2017.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE