UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN LAMAR PONDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00537 |
| | § | |
| PAUL GERARD WERSANT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending in the above-referenced cause is Defendants Paul Gerard Wersant ("Wersant"), Coury Matthews Jacocks; James E. Albertelli, P.A. d/b/a Albertelli Law; Albertelli & Whitworth, P.A. d/b/a Albertelli Law; James Edward Albertelli d/b/a Albertelli Law and Albertelli & Whitworth, P.A.; Gregory David Whitworth d/b/a Albertelli Law; and Albertelli & Whitworth, P.A.'s ("Defendants") Motion to Dismiss Plaintiff Brian Ponder's ("Ponder") First Amended Complaint ("FAC"), Docs. 31 & 38–39, Defendant Wersant's separate Motion to Dismiss, Doc. 40, Ponder's Motion to Strike the Motion to Dismiss and Brief in Support, Docs. 32 & 33, and Ponder's Response to Defendants' Motion to Dismiss, Doc. 34. Having considered the Motion, record, and relevant law, the Court grants Defendants' Motion to Dismiss in part, and denies the remaining part as moot because the Court is of the opinion that the Court lacks subject-matter jurisdiction over the remaining claims.

This history of this case is detailed in a prior opinion and order dated September 5, 2017, and incorporated herein, and which dismissed Ponder's defamation claim. Doc. 27 at 1–3, 13. Subsequently, the parties filed the above-referenced, Motion to Dismiss, Motion to Strike, and Response.

Ponder also filed a Motion for Default asserting that the Motion to Dismiss was late-filed, which the Court denied on November 29, 2011. Doc. 37. In denying the Motion for Default, the Court weighed the expediency of resolving cases against the Fifth Circuit's preference for merit-based dispositions, and found that the scale tipped toward a merit-based disposition of the present Motion to Dismiss. *Id*. at 4–5. Because Wersant had not joined the Motion to Dismiss, the Court permitted Wersant fourteen days to file a responsive document. *Id*. at 5. Wersant timely filed a Notice of Appearance, Joinder to the Motion to Dismiss, and his own briefing in support. Docs. 38–40.

Ponder's asserts three remaining claims from one incident: trespass to land, conversion, and a violation of 15 U.S.C. 1681(q) of the Fair Credit Reporting Act ("FCRA"). Doc. 19 at 15–23. Ponder alleges that all three claims arise because Defendants' agent taped a Motion to Strike Default, Doc. 15, "to my NJ home, taping it onto my stained wood door causing damage defacing my door, and to my elderly grandmother's home in Valdosta, GA, causing alarm and distress to her." Doc. 19-4; 19-1 (image of documents on the door); 19-3 (image of alleged door damage). Ponder asserts that Defendants' agent trespassed on the land by entering the "real property without permission" and converted property by "defacing a door affixed to the residence of [Ponder] with excessive amounts of tape." Doc. 19 ¶ 122–23, 138. Ponder also asserts that Defendants violated the FRCA when "they obtained the Plaintiff's home address by knowingly and willfully obtaining the information from a consumer reporting agency under false pretenses and falser certification." Doc. 19 ¶ 144. Ponder asserts that the Court has jurisdiction over the trespass to land and conversion clams under diversity jurisdiction and over the FRCA claim under federal question jurisdiction. *See* 28 U.S.C. §§ 1331–2(a)(1).

Wersant concedes that he served the Motion to Strike Default, Doc. 15, on Ponder "via

process server at his residences in Georgia and New York, as Ponder could not be served at his virtual office." Doc. 40 at 2. Wersant attaches affidavits from the couriers stating that they "served the above documents . . . by posting the documents in a conspicuous location on the front door" of the New Jersey location, Doc. 40-2, and left the "documents with . . . the AUNT of BRIAN LAMAR PONDER" at the Georgia location, Doc. 40-3.

Defendants' move to dismiss these three claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Docs. 31 at 4; 40 at 1. Defendants also move for sanctions against Ponder under 28 U.S.C. § 1927 for "multiply[ing] the proceedings unreasonably and vexatiously." *Id*. at 8.

## I. Ponder's Motion to Strike and Response

Before addressing the merits of the Motion to Dismiss, the Court will consider Ponder's Motion to Strike and Response. Ponder asks the Court to strike Defendants' Motion to Dismiss as untimely and precluded. Doc. 32–34. In both his Motion to Strike and Response, Ponder asserts Defendants' Motion is "untimely under Fed. R. Civ. P. 12(a)(4)(A) and precluded under Fed. R. Civ. P. 12(g)(2) on the grounds that it was not filed within 14 days after notice of denial of its motion to dismiss and is a motion under Fed. R. Civ. P. 12(b)" as "made and ruled on." *Id*. Ponder also asserts that motion is precluded because "Defendant's [prior] motion to dismiss was denied." Doc. 33. In his Response, Ponder adds that the Court "may also take into consideration that Defendants failed to include a proposed order as required." Doc. 34 citing LR7.1(C).

The Court will consider the Motion to Dismiss, for although it is untimely, it is not precluded. The Court has already held in a prior opinion that it will consider the late-filed Motion to Dismiss on its merits, as well as Wersant's subsequent motion. Doc. 37 at 4–5. The Motion to Dismiss is not precluded because the prior Motion to Dismiss was granted as to

Ponder's defamation claim, not denied. Doc. 27 at 5–7. The Court also declines to strike Defendants' Motions because they did not attach a proposed order. The Court concludes that it will consider the Motion to Dismiss and Wersant's subsequent motion. Accordingly, the Court

**DENIES** Ponder's Motion to Strike and Response. The Court next considers the merits of the Motions to Dismiss.

## II. Defendant's Motion to Dismiss under 12(b)(6)

Defendants move to dismiss Ponder's trespass to land, conversion, and a violation FCRA claims, Docs. 31 at 4, 38–40, but the Court presents Defendants' assertions only on the FCRA claims. Defendants assert that Ponder's FCRA claim fails because Ponder makes only a "baseless allegation" "wholly devoid of any further factual enhancements." Doc. 31 at 7. Wersant also asserts that the FCRA violation must be dismissed because both addresses are publically available. Doc. 40 at 8–9.

When a district court reviews a motion to dismiss under FED. R. CIV. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "Dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim [is plausible on its face] when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544 (citations omitted). A court may also review the documents attached to a motion to dismiss if the complaint refers to the documents and they are central to the claim. *Kane Enters v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

But "[w]hen a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under rule 15(a) before dismissing the action." *Champlin v. Manpower Inc.*, No. 4:16-CV-421, 2016 WL 3017161, at *2 (S.D. Tex. May 26, 2016) (citing *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The court should only deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d. ed. 1990); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011).

To violate the FCRA, a person must both "knowingly" and "willfully" obtain information on a "consumer" from a "consumer reporting agency" "under false pretenses." 15 U.S.C. § 1681.

In his FAC under information and belief, Ponder alleges that Defendants "obtained the Plaintiff's home address by knowingly and willfully obtaining the information from a consumer reporting agency under false pretenses and falser certification given by Defendant PAUL GERARD WERSANT or an agent, employee, or authorized representative of Defendants." Doc. 19 ¶ 144–45. In support, Ponder alleges that his "personal address is not listed on any public

registry"; that neither he nor his grandmother provided Defendants with the address; and that he is a "consumer" and Defendants are "persons" under the statute. *Id*. ¶ 140–43.

Ponder does not, however, allege facts or attach evidence of the consumer reporting agency utilized and under what false pretenses. Thus, the Court holds that Ponder has failed to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 544. The Court also holds that Ponder should not be given leave to amend his FAC. *See Motten*, 831 F. Supp. 2d at 994.

The Court had previously admonished Ponder not to squander his credibility as an advocate. Doc. 27 at 11. He has done so. Ponder seeks damages for what he does not dispute is service of Defendant's Motion. Accordingly, the Court hereby

**GRANTS** Defendants' Motion to Dismiss as to the FCRA claim.

### III. Jurisdiction

The Court next considers whether it lacks jurisdiction on Ponder's remaining claims of trespass and conversion under Rule 12(b)(1).

A court may *sua sponte* raise a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Dev. Corp. v. Summit Transp. Co.*, 481 F. Supp. 15, 19 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (Temp. Emer. Ct. App. 1980). *See also Kidd v. Sw. Airlines Co.*, 891 F.2d 540, 546 (5th Cir. 1990) ("[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention."). The Court may find lack of subject matter jurisdiction on any of the following three bases: (1) the complaint; (2) the complaint along with undisputed facts evidenced in the record; and (3) the complaint along with undisputed facts and the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The Court's dismissal of

a case for lack of subject matter jurisdiction is not a judgment on the merits and does not preclude the plaintiff from pursuing his claim in a court that properly has jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). And the Court may decline to exercise supplemental jurisdiction over this claim, if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Under 28 U.S.C. §1332, the district courts shall have original jurisdiction if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). But if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

In his FAC, Ponder alleges that the Court has jurisdiction over his trespass to land and conversion claims under 28 U.S.C. § 1332(a)(1) because the action (1) "is between citizens of different States" and the "matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs." Doc. 19 at 10. Ponder does not allege any specific amount for the two claims, but instead attaches images of the papers taped to the door and the tape residue left behind on the door. Docs. 19, 19-1, 19-3.

Ponder has not cited and the Court cannot find any cases wherein tape residue damage from service of motions, even alleged unnecessary service, fulfilled the amount of controversy prong under § 1332(a)(1). Thus, the Court holds that this tape residue alone is legally insufficient to allege a damage amount greater than $75,000. *See generally St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *Barrera-Montenegro v. United States*, 74 F.3d at 659. And the Court has already dismissed the FCRA claim, over which it has original jurisdiction. Thus, the Court holds that it

lacks jurisdiction over these remaining claims. *See* 28 U.S.C. §§ 1332(a)(1), 1367(c)(3). Accordingly, the Court hereby

**ORDERS** Ponder's trespass to land and conversion claims are dismissed without prejudice. Accordingly, the Court holds the remaining portions of the Motion to Dismiss are **MOOT** and declines to award sanctions.

III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Ponder's Motion to Strike, Doc. 32, and Response, Doc. 34, are **DENIED**.

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss, Docs. 31, 38–40, is **GRANTED** as to the FCRA claim. The FCRA claim is **DISMISED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ponder's trespass to land and conversion claims are **DISMISSED** without prejudice because the Court lacks subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** that Defendants' remaining portions of the Motion to Dismiss are MOOT and the request for sanctions, Docs. 31 & 40, are denied.

SIGNED at Houston, Texas, this 2nd day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE